## JOHNSON and Wife *v.* WILCOX.

AGENCY—MISCONDUCT OF SURVIVING PARTNER.—A delivered a note to B and C for collection, taking their receipt therefor. After B's death, the note was collected by C, the surviving partner. Suit against C, and the administrator of B, to recover the money collected.

*Held*, that the relation between the parties, which was that of principal and agent, was terminated by the death of B, and his estate cannot be charged for the subsequent misconduct of C.

APPEAL from the *Brown* Common Pleas.

GREGORY, J.—Suit by *Julia Wilcox*, executrix of *Hiram Wilcox*, deceased, against *Hester* and the appellants.

The complaint avers that the plaintiff delivered to *James S. Hester* and *Lewis Prosser*, partners, for collection, a note executed by *W. S. Phips* and others, and payable to

*Hiram Wilcox*, for $125, with interest from date, dated the 22d of *December*, 1856, for which *Hester & Prosser* executed their joint receipt. That *Prosser* died on the 3d of *July*, 1863. That afterward *Hester* received from the makers of the note $96 58. That *Mary Prosser*, the widow of the decedent, was appointed administratrix of her deceased husband's estate, and that she made her final settlement on the 26th of *April*, 1864; making the statement in her final report that she had paid the debts of the intestate, when in fact she had not paid the debts which had come to her knowledge, and that of *Hester*, her attorney. That the settlement was made before the time fixed by law for the purpose of defrauding the plaintiff, and other creditors of the estate. That after the final settlement *Mary Prosser* intermarried with *Johnson*, her co-defendant. Prayer that the final settlement be set aside, for judgment against the defendant for $200, and for all other proper relief. *Johnson* and wife demurred to the complaint, but the demurrer was overruled. They then answered in two paragraphs. 1st. General denial. 2d. That they admit that the plaintiff placed in the hands of *Hester* and *Prosser* a note, for collection, for which they executed their joint receipt as alleged in the complaint, and that afterward they took judgment upon the note. That after the taking of the judgment, and before any portion of the same was collected by *Hester*, the said *Prosser* departed this life. The plaintiff demurred to the second paragraph of the answer, which demurrer was sustained. Trial by the court; finding for the plaintiff; motion for a new trial overruled, and judgment setting aside the final settlement, and against *Mary Johnson*, administratrix of said estate, for $96 58.

No notice is taken of *Hester* in the proceedings subsequent to the complaint.

The first question presented by the record is, did the court below err in overruling the demurrer to the complaint? It is urged that the complaint does not aver a

demand on the defendants for the money collected by *Hester*. To this it is answered that the allegation of fraud in making the final settlement of the estate of *Prosser* is sufficient excuse for not making such demand, because the law does not require a demand on *tort feasors*. It is not alleged that *Hester* is insolvent. He is joined in the suit with the administratrix of his deceased partner. It is true that no notice is taken of him after the filing of the complaint, but the demurrer was to a complaint against him, as well as against *Prosser's* administratrix. If it be admitted that the latter could be sued jointly with the former for the money in question, yet it would doubtless be necessary, before commencing the action, to demand the money of the surviving partner.

The complaint shows that the money was collected by *Hester* after the death of *Prosser*. The relation existing between the plaintiff and *Hester & Prosser* was that of principal and agent; the death of *Prosser* terminated the agency, and the misconduct of *Hester* after that event could not charge the estate of the former.

The joint receipt of *Hester & Prosser* was a contract of agency only, and required of them their faithful conduct in collecting the note, and paying over the proceeds on demand to the plaintiff. This was the extent of their undertaking. The court erred in overruling the demurrer to the complaint. This disposes of all the other questions in the record. For, if the complaint was bad, the court erred in sustaining the demurrer to the second paragraph of the answer, if for no other reason, because a bad answer is good enough to a bad complaint. The court erred in setting aside the final settlement, because there was no cause of action shown against the estate.

We have not considered the question whether the estate of a deceased partner can be made liable before exhausting the partnership assets in the hands of the survivor.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the

demurrer to the complaint, and for further proceedings in accordance with this opinion.

*C. F. McNutt*, *A. Ennis* and *W. H. Bainbridge* for appellants.

*W. W. Browning*, *W. R. Harrison* and *W. S. Shirley*, for appellee.